IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MILES LEWIS JOHNSON, JR.,

           Petitioner

VS.

RALPH KEMP,

           Respondent

NO. 3:07-CV-112(CDL)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Petitioner MILES LEWIS JOHNSON, JR. has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondent RALPH KEMP has filed a motion to dismiss this petition contending that it is **untimely filed** under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #13. On January 8, 2008, the undersigned directed the petitioner to file a response to respondent's motion to dismiss. Tab #22. Thereafter, petitioner JOHNSON filed a response to the respondent's motion. Tab #23.

PROCEDURAL HISTORY

Petitioner Johnson entered a guilty plea in Greene County, Georgia on July 15, 2002 to the offense of theft by receiving stolen property. He was sentenced to serve five (5) years probation as a first-offender pursuant to O.C.G.A. § 42-8-60. His probation was subsequently revoked on August 2, 2004. Thereafter, on April 18, 2005, petitioner Johnson filed a state habeas corpus petition challenging the probation revocation proceedings only. On May 16, 2005, petitioner filed a motion to withdraw his July 15, 2002 guilty plea, which motion was denied as untimely on June 21, 2005. Petitioner then filed a second state habeas petition on August 7, 2006, challenging his July 15, 2002 guilty plea. His request for state habeas corpus relief was denied on April 30, 2007. The Georgia Supreme Court denied petitioner's application for certificate of probable cause to appeal the denial of state habeas corpus relief on September 24, 2007. Thereafter, on October 2, 2008, petitioner filed the instant federal petition seeking habeas corpus relief.

## LEGAL STANDARD

Under the provisions of the AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

Upon review of the positions of the petitioner and respondent herein, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive, to-wit: petitioner Johnson's period of limitations began to run on August 14, 2002, thirty days after the entry of his plea of guilty. As such, petitioner had until August 13, 2003, to seek federal habeas corpus relief, plus any time properly tolled because of pending state proceedings. Since the petitioner's first filing of any sort did not occur until 2005, it is clear that the instant federal petition was untimely filed.

In his response to the respondent's motion seeking dismissal, petitioner contends that he is entitled to **equitable tolling**. Tab #23. Equitable tolling operates to save an otherwise untimely filed § 2254 petition if the petition was untimely filed "because of extraordinary circumstances that are both beyond [the petitioner's] control and unavoidable even with due diligence." *Rainey v. Sec'y for Dep't of Corr.*, 443 F.3d 1323, 1330 (11th Cir.2006) (quotation omitted). Equitable tolling, however, is an extreme remedy and is applied sparingly. See *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir.2002). Johnson bears the burden of showing that equitable tolling is warranted and must demonstrate both (1) diligent efforts to timely file and (2) extraordinary and unavoidable circumstances. See *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir.2006).

Petitioner Johnson claims his entitlement to equitable tolling stems from the following: (a) during his plea he was not informed of the nature of charges against him, the right to a grand jury indictment, or the right to appeal; (b) he was induced by his attorney to enter the July 15, 2002 guilty plea; and (c) he did not discover until the time he filed his May 16, 2005 motion seeking to withdraw his guilty plea that he had any rights. Tab #23.

Having reviewed the above arguments, the undersigned concludes that the petitioner has failed to demonstrate either diligent efforts to timely file or any extraordinary or unavoidable circumstances which would have prevented him from so doing. Accordingly, IT IS **RECOMMENDED** that respondent's motion be GRANTED and that the instant petition for habeas corpus be **DISMISSED**.[1]

---

[1] Petitioner Johnson also contends that if the court finds that he is not entitled to equitable tolling, "the court must 'start' the AEDPA statute 30 days after August 2, 2004" --- the date his probation was revoked and adjudication of guilt was entered. This, according to petitioner, is because his guilty plea was entered pursuant to the conditions of O.C.G.A. § 42-8-60 as a first offender. Despite petitioner's contention, defendants sentenced pursuant to O.C.G.A. § 42-8-60 have the right to appeal in the same manner and with the same scope and same effect as if a judgment of conviction had been entered. O.C.G.A. § 42-8-64. In Georgia, notices of such an appeal must be filed within 30 days after entry of the judgment complained of. O.C.G.A. § 5-6-38. As such, petitioner had until August 14, 2002 to file a notice of appeal. Because petitioner failed to file such a notice, his one (1) year period of limitations was not tolled and began to run on August 14, 2002, not September 2, 2004

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED, this 15th day of JULY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE